United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60112
Summary Calendar

_____

OPHILIA BIH ASANGA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 088 942
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Ophilia Bih Asanga, a native and citizen of Cameroon,
petitions this court to review the decision of the Board of
Immigration Appeals (BIA) affirming the immigration judge's (IJ)
denial of her application for asylum.

Asanga argues that the IJ's credibility findings concerning
her demeanor, documents, and answers are conclusions not based upon
facts and that the IJ erroneously determined that she did not
suffer past persecution and did not have a well-founded fear of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

future persecution.

Asanga's asylum claim is based on three alleged arrests and beatings prompted by Asanga's membership and participation in political organizations that protested human rights abuses in Cameroon. We conclude from a review of the record that the BIA's decision is supported by substantial evidence that Asanga's testimony and evidence lacked credibility. See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). Because the findings regarding the untrustworthiness of Asanga's testimony are supported by substantial evidence, this court cannot replace the BIA's credibility determinations with its own. See Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002).

The adverse credibility determination caused the BIA to doubt the evidence of past torture allegedly inflicted upon Asanga, to find questionable her explanation of human rights violations occurring in Cameroon, and to discredit all of the corroborating evidence she offered. See Chun, 40 F.3d at 79. Because Asanga failed to provide any credible evidence in support of her claims of persecution, she failed to provide the necessary specific, detailed facts, showing that she was singled out for persecution because of her political opinions or memberships, that her three beatings rose to the level of persecution, or that she possessed a well-founded fear of future persecution. See Tamara-Gomez v. Gonzales, 447 F.3d 343, 349-50 (5th Cir. 2006); Mikhael v. INS, 115 F.3d 299, 304-05 (5th Cir. 1997).

The petition for review is DENIED.