# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2012

Lyle W. Cayce
Clerk

No. 11-60307
Summary Calendar

OPHILIA BIH ASANGA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 088 942

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ophilia Bih Asanga, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' (BIA) 4 April 2011 denial of her motion to reconsider its 1 October 2010 denial of her motion to reopen her asylum and withholding-of-removal proceedings. (The BIA also construed Asanga's motion to reconsider as a second motion to reopen because Asanga attached evidence. Asanga does not challenge the denial of such second motion to reopen.)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60307

Asanga must identify some error of fact or law in the denial of her first motion to reopen.  8 C.F.R. § 1003.2(b)(1).  Review is under a "highly deferential abuse-of-discretion standard".  *Zhao v. Gonzales,* 404 F.3d 295, 303 (5th Cir. 2005). Relief is warranted only if denial of the motion to reconsider was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach".  *Id.* at 304 (internal quotation marks removed).

Asanga's original asylum application was based on her claimed membership in the Social Democratic Front and the Southern Cameroon National Council (SCNC).  Following an evidentiary hearing, the Immigration Judge rejected Asanga's application, concluding for various reasons that Asanga lacked credibility and that some of her documents appeared fraudulent. Asanga appealed, and the BIA affirmed.  Asanga's petition for review was denied *Asanga v. Gonzales*, 228 F. App'x 433, 434 (5th Cir. 2007).

In her motion to reopen based on changed country conditions, Asanga asserted that her increased SCNC activity in the United States had led to the arrest of family members in Cameroon.  As a threshold matter, we reject Asanga's contention that the BIA erroneously failed to apply a prima facie standard to this claim.  The BIA had discretion to conclude, as it did, that Asanga had not come forward with previously unavailable, material evidence, rather than determining whether she had made a prima facie case.  *INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Panjwani v. Gonzales*, 401 F.3d 626, 632 n.7 (5th Cir. 2005).

Regarding the merits of her claim, Asanga contends the BIA erred in not considering the alleged new policy and tactics by the Cameroon Government of targeting overseas activists and their families.  Asanga's motion to reopen, however,  made no mention of any new policy; the changed conditions she expressly cited in the motion and her supporting affidavit were her political activism in the United States, monitoring by the Cameroon Embassy, and the

2

arrests of her brother and sister.  Fear of persecution based on political activity in the United States is not based on changed country conditions but on personal circumstances. *E.g.*, *Zhu Di Zhang v. Holder*, 421 F. App'x 383, 383 (5th Cir. 2011). Further, affidavits and other evidence attached to Asanga's motion to reopen either made no mention of a change in policy by the Cameroon Government, or referred to instances reflecting a policy change from 2003 to 2005, well before the 2008 change alleged by Asanga.

DENIED.